Filed 2/14/22  P. v. Hill CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

JACK WAYNE HILL II,

     Defendant and Appellant.

E077475

(Super.Ct.No. FWV21001029)

OPINION

APPEAL from the Superior Court of San Bernardino County. Cara D. Hutson, Judge. Affirmed with directions.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

After trial, a jury convicted Jack Wayne Hill II of two counts of felony vandalism. Hill appealed his conviction. His attorney filed a brief informing this court they were unable to identify any errors and asking us to perform an independent review of the record. Based on our independent review of the record, we find no error and affirm.

I

FACTS

On March 13, 2021, just after midnight, Larry H. was pumping gas when he heard a noise. When he went to check on the noise, he saw someone throwing something that "seemed like a chair" against the windows of a Rite Aid. He was too far to identify anything about the person's physical features but could see what they were wearing—a white jacket and red shorts. He also didn't see whether the person actually broke anything. Larry called 911 and told them what he saw.

Larry H. eventually lost sight of the individual but found him again before police arrived. Larry H. pointed out the person he saw to the police. The police took the identified man into custody, and Larry H. confirmed to them that this was the same person he saw throwing something at the windows. Stills taken from the reporting officers' body camera footage show Hill wearing a white jacket and blue pants. Neither the officers nor Larry H. saw anyone else in the area. Hill initially gave a false identity, but the officers found his real name on an identification card in his wallet, which was in some nearby personal belongings.

The officers observed and photographed broken windows on the Rite Aid and broken windows on a nearby Ono Hawaiian. The police didn't find a chair but did find the lid to a trash can inside the Ono Hawaiian.

Camera footage of the area showed a person walking towards a nearby Ono Hawaiian, stop, and make "an upper torso movement." The footage then shows "something is thrown or ejected towards the building." A different camera angle shows the person wearing a white jacket over a dark shirt with blue jeans.

Rite Aid paid around $3,900 for repairs, and Ono Hawaiian paid around $1,200.

The San Bernardino County District Attorney charged Hill with two counts of felony vandalism and alleged Hill had a prior strike. (Pen. Code, §§ 594, subd. (a), 1170.12, subd. (a)-(d), 667 subd. (b)-(i).) Hill proceeded to a jury trial. At trial, Larry H. testified Hill was not the person he saw throwing something at the Rite Aid and not the person he identified to the officers. Nevertheless, a jury convicted Hill on both counts. Hill waived a jury trial on the prior strike.

The court sentenced Hill to an aggregate term of five years four months, composed of the midterm of two years—doubled to four for the prior strike—for count 1 plus 16 months—one-third the midterm doubled—for count 2.

Hill timely appealed.

## II

## ANALYSIS

We appointed counsel to represent Hill on appeal, and counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and asking us to conduct an independent review of the record.

Counsel's brief raised one potential issue for our consideration: whether there was sufficient evidence to prove the elements of the crimes alleged. We offered Hill an opportunity to file a personal supplemental brief, and he has not done so.

We have independently reviewed the record for potential error as required by *People v. Kelly* (2006) 40 Cal.4th 106 and find no arguable error that would result in a disposition more favorable to Hill.

However, we did find a clerical error in the sentencing minute order. Omitting reference to Penal Code section 667, subdivision (e)(1), the order incorrectly states the sentencing court imposed the *middle term of 4 years* for count 1, and one-third the *middle term of 1 year four months* for count 2, when in fact the middle terms for each count are half those amounts, and the court doubled both midterms under the Three Strikes law.

### III

### DISPOSITION

We direct the trial court to amend the July 21, 2021 minute order to reflect the correct midterms for counts 1 and 2 and to reflect those midterms were doubled under Penal Code section 667, subdivision (e)(1). In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
J.

We concur:

MILLER _____
Acting P. J.


MENETREZ _____
J.

5